## W. H. Steidley v. Spottswood H. Burton.

1. APPELLATE COURT PRACTICE—*Exceptions Not Taken in the Court Below.*—Where no exceptions have been taken to action of the court in giving, refusing or modifying instructions, objections can not be urged in the Appellate Court.

**Assumpsit,** for work, labor, and services. Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

A. N. YANCEY, KNOTTS & TERRY, and PEEBLES & PEEBLES, attorneys for appellant, contended that no exception was taken to any instruction given for appellee, or to any modification of instructions asked by appellant, nor does it appear that the instructions in the record are all that were given to the jury, nor is any exception taken to the rendition of the judgment in the case.

Our Supreme Court has repeatedly held that the rulings of the trial court in giving, refusing or modifying instructions must be shown by the record to have been excepted to by the party complaining at the time. England v. Vandemark, 147 Ill. 76; East St. Louis Electric Railway Company v. Cauley, 148 Ill. 490; Trustees, etc., v. Misenheimer, 89 Ill. 151; England v. Selby, 93 Ill. 340; Chicago City Railway Company v. Mumford, 97 Ill. 560; Dickhut v. Durrell, 11 Ill. 72.

R. E. DORSEY and RINAKER & RINAKER, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The judgment appealed from, for $330, was for services rendered as a clerk and for money loaned.

The defendant interposed a receipt in full, signed by the plaintiff, which the latter averred was obtained by duress.

The issue thus presented was hotly contested, the evi-

dence was conflicting, and much depended upon the credit given by the jury to the various witnesses.

The case has been very fully argued here, but after due consideration we are clear that we can not interfere with the verdict upon the main question—the validity of the receipt—nor as to the amount allowed.

A reference to the evidence in detail would require considerable space and time, would serve no useful purpose, and would only make more conspicuous the record of an unfortunate controversy.

Counsel for appellant urges that the court erred in giving, refusing and modifying instructions. No exception was taken to the action of the court in respect to instructions, except the refusal to instruct the jury to find for defendants.

This refusal was entirely proper. For the want of exceptions taken as to the refusal or modification of other instructions asked by the defense, or the giving of those for the plaintiff, we can not notice the objections now urged in that behalf. This rule is so familiar that no authorities need be cited.

The judgment will be affirmed.